UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TORRES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:17-cv-02018-H-JLB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; and**<br><br>[Doc. No. 12]<br><br>**(2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 13] |

On October 2, 2017, Michael Torres ("Plaintiff") filed a complaint against Nancy A. Berryhill, the Acting Commissioner of Social Security ("Defendant"), seeking judicial review of an administrative denial of disability benefits under the Social Security Act. (Doc. No. 1.) On January 12, 2018, Defendant filed an answer to Plaintiff's complaint. (Doc. No. 9.) On February 23, 2018, Plaintiff moved for summary judgment, requesting the Court to reverse the Social Security Administration's ("SSA") final decision and either award disability benefits or remand the case for further proceedings. (Doc. No. 12.) On

March 29, 2018, Defendant cross-moved for summary judgment, requesting that the Court affirm the SSA's final decision. (Doc. No. 13.) On April 9, 2018, Plaintiff replied (Doc. No. 15.) For the reasons below, the Court denies Plaintiff's motion for summary judgment, grants Defendant's cross-motion for summary judgment, and affirms the SSA's final decision.

## BACKGROUND

On March, 6, 2014, Plaintiff applied for disability insurance benefits under Title II, (Doc. No. 10, Administrative Record ("AR") at 208), and Title XVI, (AR at 223), of the Social Security Act. Plaintiff alleged he had been unable to work since September 5, 2012, due to a disability. (Id.) The SSA denied Plaintiff's application both initially on August 24, 2014, (AR at 133), and upon reconsideration on November 12, 2014, (AR at 141). On June 14, 2016, per Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing to review the SSA's denial of Plaintiff's application. (AR at 43.) The ALJ heard testimony from (1) the Plaintiff, (2) the medical expert Dr. John Morse, and (3) the vocational expert Dr. Behnush Barzegarian (the "VE") regarding Plaintiff's application for disability benefits. (AR at 45.)

On December 1, 2016, the ALJ issued a reasoned opinion determining that Plaintiff was not disabled as defined by the Social Security Act. (AR at 37.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since the alleged disability onset date. (AR at 30.) Next, after reviewing the record and testimony, the ALJ found that Plaintiff had "the following severe impairments: diabetes mellitus; obesity; hypertension; kidney disease, stage 4, without dialysis; degenerative joint disease, shoulder, and weight bearing arthritis of bilateral knees; and depression." (Id.) The ALJ determined, however, that Plaintiff's impairments did not meet or equal the severity of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (AR at 31.) The ALJ then determined Plaintiff had a residual functional capacity ("RFC") to perform light work

pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b), subject to certain exceptions.[1] (AR at 32.) The ALJ went on to hold that although Plaintiff was not able to "perform any past relevant work" for purposes of 20 C.F.R. §§ 404.1565 and 416.965, Plaintiff could perform other jobs that are abundant in the national economy based on his age, education, experience, and RFC. (AR at 36.) In particular, Plaintiff could perform work as a marker, packer, and sorter. (AR at 37.) Accordingly, the ALJ held Plaintiff was ineligible for disability benefits under the Social Security Act. (Id.) On August 22, 2017, the SSA issued a final decision on the matter, affirming the ALJ's decision, (AR at 1), leading to this appeal.

## **LEGAL STANDARDS**

**A.  The SSA's Five-Step Sequential Evaluation Process**

A claimant is considered disabled under the Social Security Act when the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A), 1382c(a)(3)(A). The SSA determines if someone is eligible for disability benefits under the Social Security Act using a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v). The claimant bears the burden of proof on steps one through four; the burden shifts to the SSA for step five. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

---

[1] The SSA defines light work as "standing or walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday" and "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." SSR 83-10, 1983 WL 31251 at *5-6 (Jan. 1, 1983). The ALJ specifically determined that Plaintiff, physically, "can lift and/or carry 20 pounds occasionally and 10 pounds frequently; . . . sit for 6 hours in an 8-hour workday with normal breaks; . . . stand and/or walk for 4 hours in an 8-hour workday with normal breaks;" and "occasionally perform postural activity." (AR at 32.) However, Plaintiff "can never climb ladders, ropes, and scaffolds; . . . must avoid exposure to hazards, such as unprotected heights and dangerous machinery;" and "must avoid concentrated exposure to temperature extremes." (Id.) The ALJ further found that Plaintiff "can understand, remember, and carry out simple routine tasks; and . . . can have occasional interaction with co-workers, supervisors, and the public." (Id.)

At step one, a claimant is ineligible for disability benefits if he or she currently engages in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as any physical or mental work activities which are normally performed "for pay or profit." Id. §§ 404.1572(a-b), 416.972(a-b). Work may still be considered SGA even if the claimant only works part time, has less hours or responsibility than he or she did previously, or does not perform the work for pay or profit. Id. If the claimant is not engaging in SGA, the evaluation proceeds to the second step. Id. §§ 404.1520(a)(4), 416.920(a)(4).

At step two, a claimant is ineligible for disability benefits unless the claimant has a medically determinable impairment, or combination of impairments, that are "severe." Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The SSA defines "severe" impairments as those which "significantly limit[]" the claimant's ability to perform "basic work activities." Id. §§ 404.1520(c), 416.920(c). If the claimant's impairment, or combination of impairments, is "severe," then the analysis proceeds to step three. Id. §§ 404.1520(a)(4), 416.920(a)(4).

At step three, a claimant is conclusively presumed to be disabled if the claimant's severe impairments "meet or equal" any of the impairments enumerated by the SSA in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Id. §§ 404.1520(d), 416.920(d). If the claimant's impairments do not "meet or equal" the SSA's enumerated impairments, then the claimant's RFC must be determined before the analysis proceeds to step four. Id. §§ 404.1520(e), 416.920(e).

RFC is defined as the "most [a claimant] can still do despite [his or her] limitations" on a regular basis. Id. §§ 404.1545(a)(1), 416.945(a)(1). An RFC analysis assesses whether the claimant's ability to work is mentally or physically limited by the claimant's impairments and related symptoms. Id. Both the claimant's severe and non-severe impairments must be considered. Id. §§ 404.1520(a)(2), 416.920(a)(2).

At step four, a claimant is ineligible for disability benefits if the claimant's RFC would satisfy the requirements for any of the claimant's past relevant work. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If, based on the claimant's RFC, the claimant is

4

3:17-cv-02018-H-JLB

unable to perform his or her past relevant work, then the analysis proceeds to step five. Id. §§ 404.1520(a)(4), 416.920(a)(4).

At step five, a claimant is ineligible for disability benefits if the claimant's RFC, age, education, and work experience would allow him or her to adjust to other work. Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here, the burden is on the SSA to "provide evidence that demonstrates that other work exists in significant numbers in the national economy" that the claimant can perform. Id. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant cannot adjust to any other work due to his or her RFC, age, education, and work experience, or if the SSA does not meet its burden pursuant to §§ 404.1560(c)(2) and 416.960(c)(2), then the SSA will consider the claimant disabled. Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**B.     Standard of Review**

A federal court reviewing an ALJ's decision to deny disability benefits must "consider the record as a whole, weighing both evidence that supports and detracts from the Secretary's conclusion." Tackett, 180 F.3d at 1098 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). "The Court will uphold the ALJ's decision when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

A non-disability determination may only be reversed by a federal court if the decision is "not supported by substantial evidence or is based on legal error." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)); see also 42 U.S.C. § 405(g) ("The findings of the ALJ as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Shalala, 53 F.3d at 1039).

//

//

# DISCUSSION

## A. Substantial Evidence Supports the ALJ's RFC Determination

The ALJ's RFC determination outlined in pertinent part that Plaintiff could perform a light range of work subject to certain exceptions. (AR at 32.) These exceptions include that Plaintiff is capable of "sit[ting] for 6 hours in an 8-hour workday with normal breaks" and "stand[ing] and/or walk[ing] for 4 hours in an 8-hour workday with normal breaks." (Id.) Plaintiff alleges that the ALJ's RFC determination lacks the support of substantial evidence based on two legal theories. (Doc. No. 12 at 5.)

### 1. ALJ's Alleged Failure to Consider All of Plaintiff's Conditions

First, Plaintiff claims the ALJ failed to properly consider the limitations caused by Plaintiff's obesity and weight-bearing arthritis. (Id. at 6.) Defendant conversely argues that the ALJ's RFC determination properly considered these conditions and was supported by substantial evidence in the record. (Doc. No. 13 at 5.)

"Obesity can cause limitation in function" and its "effects may not be obvious." SSR 02-1p, 2002 WL 34686281 at *6 (Sept. 12, 2002). Obesity may enhance the effects of other impairments, as "someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone." Id. When determining the RFC for an obese claimant, an ALJ must explicitly consider whether the claimant's obesity limited the claimant physically or mentally. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005) (citing SSR 02-1p, 2002 WL 34686281 at *7). In Burch, for example, the ALJ properly incorporated a claimant's obesity in an RFC determination by acknowledging physicians' notes that the claimant had gained weight and was "'somewhat obese,'" and by recognizing that obesity likely contributed to the claimant's back discomfort. 400 F.3d at 684; cf. Celaya v. Halter, 332 F.3d 1177, 1183-84 (9th Cir. 2003) (remanding to ALJ when record made it unclear if the ALJ even considered plaintiff's obesity in assessing plaintiff's RFC).

Here, the ALJ properly considered Plaintiff's obesity and arthritis when assessing Plaintiff's RFC. The ALJ explicitly noted Plaintiff's obesity and weight-bearing arthritis

were "severe" impairments at step two. (AR at 30.) And in assessing Plaintiff's RFC, the ALJ primarily relied on the medical expert, Dr. Morse, who testified that claimant could medically perform a light range of work as long as Plaintiff sat, stood, or walked for no more than six hours in an eight hour workday with normal breaks despite Plaintiff's "morbid obesity" and potential weight bearing arthritis. (AR at 34-35.) Also, this six-hour limitation recommended by Dr. Morse was consistent with the RFC recommendations given by the treating physician, Dr. Phong Dao, (AR at 535), and the two state agency review physicians, Dr. Joshua Hartman, (AR at 96), and Dr. Taylor Holmes, (AR at 110-12).[2] All three of these concurring physicians explicitly noted Plaintiff's obesity in their records. (AR at 93, 106, 533.) Therefore, the ALJ properly incorporated Plaintiff's obesity and arthritis into his RFC determination because the ALJ acknowledged these impairments as "severe," and relied on doctors' recommendations which explicitly accounted for Plaintiff's obesity. See Burch, 400 F.3d at 683-84.

### 2. Addition of Four Hour Walking or Standing Limitation

Plaintiff also alleges the ALJ's RFC determination is not substantiated by the record based on the apparent discrepancy between the ALJ's four-hour walking and standing requirement and Dr. Morse's recommendation that plaintiff can sit, stand, or walk for no more than six hours in an eight hour workday with normal breaks. (Doc. No. 12 at 6.) By Plaintiff's own admission, however, the ALJ's determination is "more restrictive" than Dr. Morse recommended. (Id.) Thus, even if the ALJ erred in assessing Plaintiff's RFC, any error is harmless because the additional restriction was favorable to Plaintiff. See Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (applying harmless error doctrine in the social security context where the "mistake was non-prejudicial to the claimant").

---

[2] Because Plaintiff's conditions had worsened since Dr. Dao, Dr. Hartman, and Dr. Holmes provided their recommendations, the ALJ gave less weight to their testimony. (AR at 35.) Nonetheless, their recommendations that Plaintiff be limited to six hours standing, sitting, or walking were consistent with the recommendation made by Dr. Morse, who reviewed Plaintiff's medical records after Plaintiff's conditions worsened. (AR at 34-35.)

In sum, the Court concludes that substantial evidence supports the ALJ's RFC determination. Accordingly, the Court denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion for summary judgment on this ground.

**B.     The ALJ Properly Evaluated Plaintiff's Subjective Testimony**

Plaintiff next alleges the ALJ failed to properly evaluate his subjective complaints. (Doc. No. 12 at 8.) Defendant conversely argues the ALJ properly discounted Plaintiff's "assertions of disabling pain and symptoms" because they were not supported by the record. (Doc. No. 13 at 6, 9.)

The ALJ summarized Plaintiff's subjective complaints in pertinent part as follows:

> Due to his conditions, the claimant stated he could lift and/or carry 20 pounds; he could stand and walk for about 15 minutes to 20 minutes, then he needed to sit again; he could stand for a total for two to three hours each day; he has passed out in hot weather; and he could walk for about a third of a block if he pushed himself.

(AR at 33.) In arriving at a disability determination in Plaintiff's case, the ALJ gave little weight to the severity of these subjective complaints because they were not supported by any objective medical findings or objective evidence in the record. (AR at 34.)

"An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(5)(a). ALJs are not required "to believe every allegation of disabling pain, or else disability benefits would be available for the asking." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Instead, an ALJ must follow a two-step process to evaluate a claimant's allegations of pain and subjective symptoms. Molina, 674 F.3d at 1112; SSR 16-3p, 2017 WL 5180304 at *3 (Oct. 25, 2017).[3] First, the ALJ must determine whether the claimant has a medically determinable impairment that "could reasonably be expected to produce

---

[3]     Defendant claims that SSR 96-7p applies to Petitioner's case because the ALJ issued its decision before it was superseded by SSR 16-3p. (Doc. No. 13 at 6.) But SSR 16-3p superseded SSR 96-7p in March 2016, SSR 16-3p, 2017 WL 5180304 at *1, and the ALJ issued his decision on December 1, 2016, (AR at 37). Therefore, SSR 16-3p applies.

the pain or other symptoms alleged." Molina, 674 F.3d at 1112; SSR 16-3p, 2017 WL 5180304 at *3. Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." Molina, 674 F.3d at 1112 (internal quotation marks omitted). In evaluating the claimant's credibility, "the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." Id.

Here, the ALJ found "the claimant's medically determinable impairments could be reasonably expected to cause the alleged symptoms," (AR at 34), so the analysis proceeded to step two. At step two, the ALJ properly discounted Plaintiff's subjective complaints with clear and convincing reasons. See Molina, 674 F.3d at 1112. For example, Plaintiff's complaint that he could only stand or walk for two to three hours per day was not substantiated by the medical evidence, partly because all of the doctors who had treated Plaintiff or reviewed Plaintiff's medical records recommended he be limited to six hours of standing or walking per day. (AR at 34-35.) Moreover, the ALJ noted that Plaintiff's subjective complaint that he had trouble standing or walking for long periods of time and was substantially immobile was inconsistent with the statements made by Plaintiff's sister, who stated that Plaintiff "care[d] for their disabled brother . . . ; prepare[d] sandwiches and spaghetti, and daily lunch; shop[ped] in stores; and dr[ove] a car and [went] out daily." (AR at 33.) Therefore, the ALJ appropriately gave little weight to Plaintiff's subjective complaints. See Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007) (recognizing ALJ may consider "whether the alleged symptoms are consistent with the medical evidence" and "whether the claimant engages in daily activities inconsistent with the alleged symptoms" in assessing credibility of subjective complaints).

Accordingly, the Court denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment on this ground because the ALJ properly evaluated Plaintiff's subjective testimony.

//

## C. Defendant Satisfied Its Burden at Step Five

Finally, Plaintiff claims "the ALJ failed to sustain the commissioner's burden at step five of the sequential evaluation." (Doc. No. 12 at 9 (capitalization altered).) Plaintiff argues that "due to the standing and walking limitation [sic] of four hours in an eight-hour workday, he lacks the capacity to perform the occupations of marker, packer, and sorter." Id. Although typically the SSA defines light work to require approximately six hours of standing or walking in a normal eight hour workday, SSR 83-10, 1983 WL 31251 at *7-8, the vocational expert testified an occupation could still be considered light even if the job only required four hours of standing or walking as long as it included light lifting of up to 20 pounds, (Doc. No. 12 at 9). Plaintiff reasons the ALJ failed to further question the vocational expert as to whether the light work he was referring to would require four hours of standing or walking every day, on average, or less frequently. (Id. at 9-10.) Defendant responds that the additional questioning was unnecessary and "the ALJ properly relied on the testimony given by the vocational expert." (Doc. No. 13 at 9.)

At the hearing, the ALJ asked the VE, hypothetically, whether an individual with the following limitations could adjust to other work in the economy:

> So let's assume an individual of the same age and education as [Plaintiff]. . . . [O]ur hypothetical individual is limited to light work, standing or walking no more than four hours total. Occasional postural activities but no ladders, ropes or scaffolds. No hazards. No concentrated exposure to temperature extremes and limited to simple routine tasks and occasional interaction with the public, coworkers or supervisors.

(AR at 68-69.) Every one of Plaintiff's limitations outlined in the ALJ's RFC determination was addressed in this hypothetical. (Compare AR at 68-69, with AR at 32.) The VE responded that even with these limitations, the hypothetical individual could perform over 500,000 jobs nationally as either a marker, packer or sorter. (AR at 69.)

"In Social Security cases, the ALJ has a special duty to fully and fairly develop the record." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); see also Garcia v. Comm'r of Soc. Sec., 768 F.3d 925, 930 (9th Cir. 2014); Celaya, 332 F.3d at 1183. In doing so, an

ALJ may properly rely on a vocational expert's testimony as to available jobs in the economy given in response to a hypothetical posed by the ALJ "contain[ing] all of the limitations . . . supported by substantial evidence in the record." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("A [vocational expert]'s recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.").

Here, there was no material ambiguity in the record and the ALJ properly relied on the VE's testimony. The ALJ was justified in relying on the VE's assessment of available jobs partly because the hypothetical included all of the limitations the ALJ found credible and substantially supported by the record. (Compare AR at 68-69, with AR at 32, 36.) Additionally, the VE had considerable experience in his field. (See AR at 73.) Therefore, the ALJ discharged his duty to fully and fairly develop the record. See Bayliss, 427 F.3d at 1217.

Accordingly, the Court denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment on this ground because the ALJ properly relied on the VE's testimony and the Defendant carried its burden at step five.

## CONCLUSION

For the reasons outlined in this Order, the Court concludes the following: (1) substantial evidence supports the ALJ's RFC determination; (2) the ALJ properly assessed Plaintiff's subjective testimony; and (3) the ALJ properly relied on the VE at step five. Accordingly, the Court denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion for summary judgment, affirming the ALJ's decision and the SSA's final decision. The Clerk of the Court is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**
DATED: July 25, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT